UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE PAEZ, | No. 2:21-cv-01920-DAD-AC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S REQUEST TO SEAL |
| AKIMA SUPPORT OPERATIONS LLC, | (Doc. No. 21) |
| Defendant. | |

On October 4, 2022, defendant filed a notice of its request to seal Exhibit 1-D-1 to its cross-motion for summary judgment and opposition to plaintiff's motion for partial summary judgment. (Doc. No. 21.) In its request, defendant explains that there are "compelling reasons" sufficient to outweigh the public's interest in disclosure of court records because Exhibit 1-D-1 consists of plaintiff's medical records pertaining to his psychiatric treatment, and thus contain private, confidential, and sensitive information. (*Id.* at 2.) Plaintiff did not submit an opposition to defendant's request to seal. For the reasons explained below, defendant's request will be granted.

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and

1

documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Where a party seeks to seal records attached to dispositive motions, like defendant's cross-motion for summary judgment here, courts apply a "compelling reasons" standard, under which:

> the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178. "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

"Medical records contain private, confidential, and often sensitive information, and courts often order medical records to be filed under seal." *United States v. Lopez-Perez*, No. 1:14-cr-0045-AWI, 2021 WL 809396, at *1 (E.D. Cal. Mar. 3, 2021); *see Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (noting that "medical records are deemed confidential under the Health Insurance Portability and Accountability Act" and that "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records") (internal quotation marks omitted) (citing cases); *see also Johnsen v. Tambe*, No. 19-cv-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) ("find[ing] the plaintiff's privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves"). Here, too, the court concludes that defendant has shown that compelling reasons justify the sealing of Exhibit 1-D-1 to its cross-

motion for summary judgment because that exhibit consists of plaintiff's confidential medical records.

Accordingly,

1. Defendant's request to seal (Doc. No. 21) is granted;

2. Exhibit 1-D-1 to defendant's cross-motion for summary judgment and opposition to plaintiff's motion for partial summary judgment shall be filed under seal, for access only by the court and the parties; and

3. Defendant shall send a pdf copy of Exhibit 1-D-1 to defendant's cross-motion for summary judgment and opposition to plaintiff's motion for partial summary judgment via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this action.

IT IS SO ORDERED.

Dated:  **October 21, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3